WILLIAM A. CREIGHTON, RESPONDENT, *v.* THE HOME-STEAD FIRE INSURANCE COMPANY, APPELLANT.

*Insurable interest — what is.*

One Mullin conveyed certain property owned by him to secure a debt of $1,500, taking back a lease for eight years, at a rent of $105 per annum, with the privilege of purchasing during the term on payment of $1,500. The premises were worth $3,500. Mullin procured a policy of insurance upon his interest as "lessee," the company having notice of his right of redemption. Two months before the expiration of the lease, and while Mullin had not as yet elected to purchase, the premises were destroyed by fire.

*Held*, that the right of Mullin to purchase or redeem was insurable and was covered by the policy.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon a policy of insurance, issued by the defendant to the plaintiff's assignor upon his interest as

lessee in a house at one time owned by Mullin, and conveyed by him as security for a debt of $1,500. At the time of the conveyance he received back a lease for eight years at $105 a year rent, with a right to redeem the premises on paying the $1,500 during the term thereof.

*F. W. Hubbard*, for the appellant.

*Gilbert, Badger & Wead*, for the respondent.

BOARDMAN, J. :

Mullin, the plaintiff's assignor, procured the policy of insurance upon his interest as lessee in the house burned. At the time when the policy was procured the subagent of the company was fully informed of the nature of the lease, and of the extent of Mullin's interest under it. Berry, the subagent, was acting for Clark, the general agent. Berry is dead. Clark testifies that he understood the premises were held by Mullin under a redemption lease. Berry reported the risk to Clark, who issued the policy. No application was made or signed by Mullin. Under the lease Mullin had the right to the premises for eight years on payment of $105 per annum, and in addition he had the right to purchase the premises for $1,500. It appears that Mullin had formerly owned the premises, and had conveyed them as a security for this $1,500, and taken back the lease, with the option to redeem or purchase. The value of the premises at the time of the fire was $3,500. So there was an excess of value in the premises above the $1,500 of $2,000, which Mullin by his contract might become the owner of. Hence the value of Mullin's privilege was $2,000, if he elected to take advantage of it and paid the $1,500. The referee has found that this privilege was a part of Mullin's interest, covered and insured by the policy. Such finding is sustained by the evidence and will be conclusive, unless the evidence by which it was established was improperly admitted.

The evidence so objected to was given by Mr. and Mrs. Mullin, and shows what was said and done at the time Berry took the application for the insurance. All of this evidence tends to show that Berry had knowledge of the nature and extent of Mullin's

interests in the property intended to be insured. Extrinsic evidence may always be given for this purpose, when the words used in the policy are equivocal or doubtful. (*Clinton* v. *Hope Ins. Co.*, 51 Barb., 647; affirmed in Ct. of App., 45 N. Y., 454, and cases cited.) The word used "lessee" indicated, perhaps, sufficiently that it was the intent to insure whatever interest Mullin had under his lease, but the character and extent of such interest as made known to Berry was competent evidence, in connection with other facts, to show the purpose and intent of the contracting parties.

The deed from Mullin and wife to Webster was admissible for the same reason, and for the further reason that it was necessary to identify the property insured.

The proof given by Clark on his cross-examination, of his knowledge or understanding of the nature of Mullin's interest, was admissible. It was evidence of notice to the defendant's general agent. The defendant cannot avoid its obligation under its policy, if issued with full knowledge of all the facts, and the knowledge of the agent is the knowledge of the company.

But the more seriously contested proposition relates to the right of plaintiff to recover beyond the two months' rental value of the premises burned. Mullin had not paid the $1,500 or any part thereof. But two months of his term remained at the time of the fire. Within that time he had the right to pay his $1,500 and demand his deed. It is possible he would not do so, in which case all his interest would cease. Was this option to pay and take title, while wholly unexecuted, an insurable interest? The referee found and held that it was. If a creditor of Mullin had procured the appointment of a receiver of his property, would not such receiver have had the power to pay the $1,500 and demand a deed of the property worth $3,500? If necessary, would not a court of equity have enforced a specific performance in favor of such receiver? We think such would have been the right of the receiver and the duty of the court. If this be true, the case is brought within the principles laid down in *Cone* v. *Niagara Ins. Co.* (60 N. Y., 619, 621) and cases cited; *Rohrbach* v. *Germania Ins. Co.* (62 id., 47) and cases cited. Indeed, under the last case cited, Mullin had an insurable interest, whether

our views of the rights of a receiver of Mullin's property are just or not. We conclude, therefore, that Mullin has a pecuniary interest in the preservation of the property and might suffer a loss by its destruction. This constituted within the cases an insurable interest. The judgment is therefore affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.